{¶ 41} I respectfully dissent.
 {¶ 42} While justice is not always precise, it should not rest upon the uncertainty of conjecture. The majority characterizes the issue in this case as "[t]he trial court's possible consideration of a drug arrest not resulting in conviction for sentencing purposes." (Emphasis added) There is no issue of possibility in this case. Prior to sentencing, the trial court noted in court that appellant had been subsequently arrested and charged with Driving Without a License and Possession of Marijuana. The presentence report indicated that the matter was "open." The charges actually had been dismissed two weeks before the sentencing hearing. We do not know whether the *Page 13 
trial court would impose a different sentence had the court known that the marijuana possession charge had been dismissed. We do know, from the record, however, that the trial court specifically mentioned that marijuana charge before imposing a sentence on an offense where recidivism is a factor. This raises constitutional due process concerns. See United States v. Tucker (1972), 404 U.S. 443, 447 (sentence reversed where the "prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue") (citation omitted);Townsend v. Burke (1948), 334 U.S. 736, 741 (where a "prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue," the result "is inconsistent with due process of law").
 {¶ 43} Our system is premised on the principle that individuals are innocent until proven guilty. R.C. 2901.05(A) ("[e]very person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt"); In re Winship (1970), 397 U.S. 358, 364 (it is "important in our free society that every individual * * * have confidence that his government cannot adjudge him guilty of a criminal offense without convincing a proper factfinder of his guilty with utmost certainty"). In this case, the subsequent marijuana possession charge had been dismissed at the time of sentencing.
 {¶ 44} It would be clear and convincing error to impose a more substantial sentence on the basis of a dismissed criminal charge. However, in this matter, we do not know if that is the case, although it appears to be so.
 {¶ 45} Instead of speculating one way or the other, justice dictates that we remand this case to the trial court and allow that court the opportunity to impose a sentence based on the correct facts and a more accurate presentencing report. *Page 14 
 {¶ 46} For these reasons, I would reverse the sentencing ruling of the Portage County Common Pleas Court and remand the case to that court for resentencing. *Page 1